**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AMIN SHEIKHI NASAB,
SEYEDJALIL MOUSAVIDIAYEH,
SAHEB MEHRFAR, and
IMAN REZAEI,

Petitioner,

v. No. 1:26-cv-02516-DHU-JFR

FACILITY WARDEN, Warden of Torrance County Detention Facility; MARY DE ANDA-YBARRA, Field Officer Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; ACTING DIRECTOR, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, U.S. Attorney General,

Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petition for Writ of Habeas Corpus ("Petition") filed by Petitioners Amin Sheikhi Nasab, Seyedjalil Mousavidiayeh, Saheb Mehrfar, and Iman Rezaei pursuant to 28 U.S.C. § 2241. Having carefully considered the parties' briefs, the record of the case, and the relevant law, the Court **GRANTS** the Petition.

## I. PROCEDURAL BACKGROUND

Petitioners note that they have been subject to a final order of removal for more than six months.[1] Doc. 1 at 2. They argue that their continued detention under 8 U.S.C. § 1231 violates their constitutional rights. *See id.* at 23-30. Petitioners request a Writ of Habeas Corpus ordering Respondents to immediately release. *Id.* at 30.

Respondents have filed a response to the Petition stating that they "are not submitting a brief in opposition" and that they "recognize that the Court may then decide to grant the Petition." Doc. 6 at 1. Respondents further submit that, "if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner[s'] release on conditions to be set by the Department of Homeland Security" under 8 U.S.C. § 1231(a)(3). *Id.*

## II. LEGAL STANDARD AND DISCUSSION

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" *Alfaro Herrera v. Baltazar*, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); *see also C1.G on behalf of C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to

---

[1] Petitioner Amin Shikhi Nasab's order of removal became administratively final on February 6, 2026. *See* Doc. 1 at 8. Petitioner Seyedjalil Mousavidiayeh's order of removal became administratively final on February 24, 2026. *Id.* at 10. Petitioner Saheb Mehrfar's order of removal became administratively final on January 7, 2026. *Id.* at 13. Petitioner Iman Rezaei's order of removal became administratively final on March 12, 2026. *Id.* at 14.

the Petition constitutes a concession that Petitioners are being detained in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause.

## III.
## CONCLUSION

For these reasons, Petitioners' Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents shall immediately release Petitioners from custody, no later than **forty-eight (48) hours** of this Order, and subject them to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3).

**IT IS FURTHER ORDERED** that Respondents file a Notice of Compliance no later than **three (3) days** from this Order confirming Petitioners' timely release.

**IT IS FURTHER ORDERED** that Respondents shall promptly return Petitioners' property in their custody to them, specifically no later than thirty (30) days.

The Court will issue a separate final judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE